UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY ROBERT CHRISTENSEN, | CASE NO.   1:09-cv-01952-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S CLAIM WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY OBJECTION DEADLINE |

## **SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

On October 13, 2009, Plaintiff Jeremy Robert Christensen, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4). Plaintiff's Complaint is before the Court for screening.

II.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
2  relief may be granted, or that seek monetary relief from a defendant who is immune from
3  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
4  thereof, that may have been paid, the court shall dismiss the case at any time if the court
5  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
6  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7         A complaint must contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
9  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
10 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
11 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set
12 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
13 face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant
14 committed misconduct and, while factual allegations are accepted as true, legal
15 conclusions are not.  Id. at 1949-50.

16 **III.    PLAINTIFF'S CLAIMS**

17        Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
18 or immunities secured by the Constitution and laws' of the United States."  Wilder v.
19 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983
20 is not itself a source of substantive rights, but merely provides a method for vindicating
21 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

22        To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
23 a right secured by the Constitution or laws of the United States was violated and (2) that
24 the alleged violation was committed by a person acting under the color of state law.  See
25 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
26 (9th Cir. 1987).

27        The Complaint identifies Arnold Schwarzenegger, Governor, State of California and
28 Matthew Cate, Secretary, California Department of Corrections and Rehabilitation as

defendants in this action.  The events that gave rise to this Complaint took place at Avenal State Prison.

Plaintiff alleges the following:

He was The Sacred Cauldron Coven Manager for the Wiccan group that was operating in Avenal as a charter of the Wiccan Church of America.  (Compl. at 57, 58). Plaintiff sought to have an area at Avenal designated as a religious space that could accommodate Wiccan worship services.  (Compl. at 3).  Plaintiff and the Wiccan community were denied access to the Facility Chapel and required to worship on the yard, approximately the size of a baseball field, with fourteen-hundred inmates using the area simultaneously for outdoor time.  (Compl. at 7).  Prison officials were "not able to provide the [Wiccan] Community its own separate spiritual grounds based on several factors that include[d] but [were] not limited to [1] institutional safety and security, [2] [Avenal]'s grounds/property limitations, and [3] departmental fiscal/budgetary constraints."  (Compl. at 21).  The Complaint alleges that Defendants have violated his First Amendment right to religious exercise by failing to create a Wiccan appropriate religious space.

### A.    Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing

that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff does not mention how the named Defendants personally acted to violate his constitutional rights. Neither Defendant is an official at Avenal. Plaintiff alleges no facts to illustrate how the named Defendants are connected to the alleged violations. A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission.

The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim against these Defendants, Plaintiff needs to set forth sufficient facts showing that each <u>personally</u> took some action that violated his constitutional rights. The mere fact that they may have supervised the individuals responsible for a violation is not enough.

**B.     Free Exercise**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v.

C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Plaintiff is clearly alleging a violation of the Free Exercise clause of the First Amendment. However, the Court is unable to reach the merits of Plaintiff's claim until there are properly pled defendants that have personally participated in the alleged violation of his First Amendment rights. In addition, to the extent that Plaintiff elects to allege a violation of his right to free exercise of religion, he must allege both (1) a substantial interference with conduct mandated by his faith and (2) that the hindrance was without any legitimate penological interest. See Abobkr v. Mills, 2008 WL 4937370, *3 (E.D. Cal. Nov. 17, 2008). The Court will give Plaintiff leave to amend his Complaint to attempt to assert a First Amendment violation.

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed October 13, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **August 1, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   June 27, 2011              /s/ *Michael J. Seng*
ci4d6                               UNITED STATES MAGISTRATE JUDGE